UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY JAMAL LEE,

        Petitioner,        Case Number 2:14-cv-10180
                                      Honorable George Caram Steeh

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

## OPINION AND ORDER SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Tony Jamel Lee is a federal prisoner confined at the Federal Correctional Institution in Ashland, Kentucky. On November 5, 2008, Petitioner pleaded guilty in the United States District Court for the Eastern District of Michigan to one count of conspiracy to distribute controlled substances. 21 U.S.C. §§ 846 and 841(a)(1). The Court sentenced him to 168 months. See *United States v. Lee*, Eastern District of Michigan Case No. 07-cr-20411.

On September 30, 2013, Petitioner filed a post-conviction motion to vacate sentence pursuant to 28 U.S.C. § 2255. On March 10, 2014, the Court denied the motion. Petitioner appealed to the Sixth Circuit, but it too denied Petitioner relief

The instant habeas petition asserts that Petitioner's trial counsel was ineffective during the sentencing hearing. Because Petitioner has failed to establish that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective, the petition for writ of habeas corpus is DENIED.

2:14-cv-10180-GCS-DRG   Doc # 4   Filed 11/24/14   Pg 2 of 3   Pg ID 20


## Discussion

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper only where the inmate is challenging the manner in which his sentence is being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998). A motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims challenging his conviction or that his sentence was imposed in violation of the federal constitution or laws. *Id.* A motion under § 2255 affords the same rights as a habeas corpus petition. *Davis v. United States*, 417 U.S. 333, 343-44 (1974). However, unlike federal habeas corpus proceedings, a motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner. Rule 4(a), 28 U.S.C. foll. § 2255; *See also Hill v. United States*, 368 U.S. 424, 427 (1962).

A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Wooten v. Cauley*, 677 F. 3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *See Charles v. Chandler*, 180 F. 3d 753, 758 (6th Cir. 1999). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner. *See In Re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999).

Petitioner's may not assert that his remedy under § 2255 is inadequate or ineffective. The remedy under § 2255, "is not considered inadequate or ineffective simply because § 2255 relief has already been denied or because the petitioner is procedurally barred from pursuing relief under § 2255 or because the petitioner has been denied

permission to file a second or successive motion to vacate." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (citations omitted). Moreover, this Court cannot construe this petition as a second motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. *In re Shelton*, 295 F. 3d 620, 622 (6th Cir. 2002).

Accordingly, the Court will deny the petition for writ of habeas corpus.

## Order

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED**. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F. 3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

Dated: November 24, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 24, 2014, by electronic and/or ordinary mail and also on Tony Lee #42176-039, Ashland Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 6001, Ashland, KY 41105 .

s/Barbara Radke
Deputy Clerk

---